JOHNSON, Respondent, v. POTTS et al, Defendant (POTTS, Appellant).

(216 N. W. 366.)

(File No. 5779.   Opinion filed November 30, 1927.)

1. **Trial—Hearing on Demurrer Is "Trial of Issue of Law" (Rev. Code 1919, §§ 2488, 2493).**

     Hearing on demurrer is not a hearing on a motion, but is a "trial of an issue of law," under Rev. Code 1919, §§ 2488, 2493, and such hearing may be brought on for trial upon statutory notice.

2. **Depositaries—Plaintiff Receiving Settlement Was Owner of Escrow Fund, Deposited for Protection of Attorney, if Attorney's Claim Was Paid.**

     Under agreement whereby plaintiff's claim was settled by cash payment by defendant and deposited in escrow for protection of attorney claiming lien, to be paid over to plaintiff on release and discharge of attorney's claim, plaintiff was real owner of escrow fund, if his attorney had been paid.

3. **Depositaries—In Client's Action for Conversion of Escrow Fund for Attorney's Protection on Settlement of Prior Litigation, Other Parties to Settlement Held Not Necessary Plaintiffs.**

     In action by client for attorney's conversion of fund deposited in escrow for protection of plaintiff's attorney on settlement of plaintiff's claim in prior litigation, persons with whom settlement was made, and who deposited fund which was to be paid plaintiff on procuring discharge from attorney's claim, were not necessary parties plaintiff.

4. **Depositaries—In Client's Action Against Attorney and Bank for Conversion of Escrow Deposit for Attorney's Protection on Settlement of Prior Litigation, There Was No Defect of Parties Defendant, Where Other Parties to Settlement Were Also Joined.**

     In action against plaintiff's attorney and bank for conversion of fund deposited in escrow in prior litigation for protection of attorney's claim, in which other parties to settlement were made defendants, held, that there was no defect of parties defendant.

5. **Action—Client's Complaint Against Attorney and Bank for Conversion of Escrow Deposit, Made to Protect Attorney on Settlement of Previous Litigation, Held Not Demurrable for Improper Joinder of Causes of Action.**

     Complaint in action by client against attorney and bank for conversion of escrow deposit, made for protection of attorney on settlement of prior litigation in which attorney claimed lien, held not to involve improper joinder of several causes of action, where complaint alleged attorney had been paid in full.

**6. Pleading—Demurrer Admits Truth of Allegations.**

Truth of allegations of pleading is admitted by demurrer.

**7. Depositaries—Client's Complaint Alleging Escrow Deposit, Made on Settlement of Prior Litigation Pending Discharge of Attorney's Claim, Was Wrongfully Paid Over to Attorney, Held to State Cause of Action Against Attorney for Conversion.**

Complaint in action against plaintiff's attorney and bank, alleging deposit of sum of money in escrow on settlement of previous litigation, that deposit was to be paid plaintiff on obtaining discharge of attorney's claim, that attorney wrongfully induced bank to pay such sum over to him, and that bank and attorney converted money to their own use, held to state cause of action against attorney for conversion.

**8. Depositaries—If Bank Wrongfully Paid to Attorney at His Request Money Deposited for Client Pending Discharge of Attorney's Claim, Both Converted Client's Property.**

If bank with whom money was deposited in escrow, pending discharge of attorney's claim on settlement of litigation, paid money wrongfully to attorney upon his request, plaintiff, to whom money was to be paid, had right of action against both for conversion.

Note.—See, Headnote (1), American Key-Numbered Digest, Trial, Key-No. 6(1), 38 Cyc. 1276; (2) Depositaries, Key-No. 4, 18 C. J. Sec. 8; (3), (4), Key-No. 11, 18 C. J. Sec. 34; (5) Actions, Key-No. 50(7), 1 C. J. Sec. 266; (6) Pleading, Key-No. 214(1), 31 Cyc. 333; (7) Depositaries, Key-No. 11, 18 C. J. Sec. 35; (8) Key-No. 4, 18 C. J. Sec. 20.

Appeal from Circuit Court, Walworth County; Hon. J. H. Bottum, Judge.

Action by Peter Johnson against W. M. Potts and others. From an order overruling a demurrer to plaintiff's complaint, defendant Potts appeals. Affirmed.

*W. M. Potts,* of Mobridge, and *McNulty & Campbell,* of Aberdeen, for Appellant.

*Julius Skaug,* of Mobridge, for Respondent.

BURCH, J. This is an appeal from an order overruling a demurrer to plaintiff's complaint.

The complaint is long, containing some 17 paragraphs, and only such portions as are deemed essential to a decision are set out. The complaint alleges the incorporation of the defendant bank; that defendant Potts is an attorney at law; that Stevens

Bros. are a partnership; that plaintiff had a claim for work and labor, amounting to $3,162, against defendant Stevens Bros.; that on the 30th of November, 1921, plaintiff employed defendant Potts, who is the only appellant on this appeal, to prosecute said claim against Stevens Bros.; that appellant commenced an action on the 24th of January, 1922, in the circuit court of Campbell county to recover said claim; that thereafter appellant did not give notice of trial of the action, nor bring it on for trial, and after two or three terms of court at which a trial might have been had, plaintiff became dissatisfied with appellant and discharged him as attorney in said action; that appellant claimed an attorney's fee for his services in such case and gave notice to Stevens Bros. that he claimed a lien for attorney's fees of $555.82; that on or about the 14th of December, 1922, plaintiff effected a settlement with Stevens Bros., settling the claim against them for $2,600, $2,200 of which was paid in cash and $400 was deposited in the defendant bank in Mound City under an escrow agreement of which appellant had full notice and knowledge. The substance of the escrow agreement is, that the $400 shall be held by the bank pending a settlement of appellant's claim and provides that if within two years plaintiff shall produce to the said bank a release and discharge of any claim of appellant's, he shall be entitled to receive the $400, or if during the period of two years appellant shall obtain judgment against plaintiff for his attorney's fees that the said judgment may be satisfied out of the $400 and any balance paid to plaintiff, or if the two year period shall expire and no release, discharge, or satisfaction of the claim be delivered to the bank and no judgment therefor shall have been satisfied, then the Mound City Bank shall return the $400 to Stevens Bros., who shall have the right to make settlement with appellant upon such terms as they may be able to do and if any balance is left Stevens Bros. shall pay the balance to plaintiff.

The complaint further alleges that on or about the 5th of January, 1923, plaintiff notified appellant that he had adjusted and settled his case against Stevens Bros., and plaintiff offered to pay Potts the sum of $25 for a release in full of his claim; that shortly after, about the 26th of January, 1923, appellant wrongfully induced the Mound City Bank to pay over the sum of said $400 to him; that plaintiff had never authorized such payment to appellant,

and that after appellant so wrongfully obtained the $400 without notice to plaintiff he pretended to accept the. plaintiff's offer of $25 to release his said claim for attorney's fees, and plaintiff settled said claim and paid the said sum of $25 without any knowledge that appellant had obtained possession of the $400 in escrow; that appellant has been paid in full for all services performed by him; that on or about the 20th of February, 1923, plaintiff learned that appellant had obtained possession of said $400 and plaintiff thereupon demanded of appellant and the Mound City State Bank the said sum of $400, which was refused. The complaint alleges that the Stevens Bros. claim some interest in the fund, but that it is without foundation and also alleges that no personal claim is made against the Stevens Bros.

To this complaint appellant demurred on the following grounds:

First. That the circuit court was without jurisdiction of the subject of the action.

Second. That there is a defect of parties plaintiff.

Third. That there is a defect of parties defendant.

Fourth. That several causes of action have been improperly united.

Fifth. That the complaint does not state facts sufficient to constitute a cause of action.

[1] On September 8, 1924, plaintiff served notice that on September 19, 1924, he would apply to the court for an order overruling the demurrer. Appellant made a special appearance and objected to a hearing on the demurrer at the time named in the notice, for the reason that the rules of court require all motions to be brought on for hearing by order to show cause. The court overruled appellant's objection, and this is assigned as error.

Section 2488, R. C. 1919, provides:

"An issue of law arises upon a demurrer to the complaint, answer or reply, or to some part thereof."

Section 2493 provides:

" * * * The issues of law defined in section 2488 may be tried, at any time upon six days' notice, in any county of the circuit wherein the cause is pending."

The hearing on demurrer is not a hearing on a motion, but is a trial of an issue of law, and may be brought on for trial upon the statutory notice. There is no merit to this assignment.

[2, 3]   Upon the merits of the demurrer, appellant says there is a defect of parties plaintiff, and argues that whatever rights plaintiff has in the subject of the action is derived from the so-called escrow agreement, whereby Stevens Bros. are the real owners of the fund under escrow agreement.   The money was placed in escrow for the sole purpose of protecting Stevens Bros. against the claimed lien of appellant.   Respondent had the right to effect settlement with appellant and receive from the escrow holder the $400.   Or if Stevens Bros. effected the settlement, any balance remaining after paying appellant belonged to respondent.   If any part of the $400 was paid to appellant it was in payment of respondent's debt.   Respondent was the real owner of the fund in escrow, and Stevens Bros. were not necessary parties plaintiff. Appellant argues that when the settlement was made, he lost the benefit of the attorney's lien, when he filed and gave a release to Stevens Bros. of such lien and that unless Stevens Bros. were brought into the action, they being nonresidents, he would have no way of reaching them in the event he had a cause of action against them.   Such argument is frivolous.   Respondent is under no obligation to assist appellant in suing Stevens Bros., if appellant desires to do so.

[4]   There is no merit to the contention that there is a defect of parties defendant.   The action is one in conversion against the Mound City State Bank and Potts.   Stevens Bros. are made defendants for the sole purpose of barring any claim they may appear to have.

[5, 6]   Appellant says there are several causes of action improperly united and argues that the court would necessarily determine the validity of the escrow agreement between plaintiff and the Mound City State Bank, the validity of the lien of Potts against Stevens Bros., and the validity of Potts' claim against plaintiff.   The action is for conversion against the two principal defendants, the demurrer admits the truth of the allegations, and one of these is that Potts has been paid in full.   The right to recover is not dependent upon a determination of appellant's claim, but upon proof that appellant has been paid in full and a settlement effected.

[7, 8]   It is argued that the complaint does not state a cause of action because, if appellant received the money, it was neces-

sarily after the Mound City State Bank had converted it, and that respondent's action should be against the bank, and not against both the bank and appellant. The complaint alleges that the bank and appellant converted the money to their own use. If the bank paid the money wrongfully to appellant upon his request, respondent has a right of action against both.

The court was plainly right in overruling the demurrer, and the order is affirmed.

CAMPBELL, P. J., disqualified, and not sitting.

GATES, POLLEY, and SHERWOOD, JJ., concur.